# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/11/2026 12:56:08 PM

Clerk of the Superior Court
By M. Clemens ,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WALMART, INC.; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
NATESHA CRIST, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California for the County of San Diego, 325 S. Melrose Drive, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):* 26CU032891N

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Batkhand Zoljargal, Esq., Morgan & Morgan, 12300 Wilshire Blvd., Ste. 200, Los Angeles, CA 90025, Phone: (213) 204-6714

DATE: 06/17/2026 Clerk, by ______________ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*
**M. Clemens**

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: WALMART, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

Batkhand Zoljargal, Esq. (SBN #262918)
**MORGAN & MORGAN CALIFORNIA LLP**
12300 Wilshire Blvd, Ste 200
Los Angeles, CA 90025
Telephone: (213) 204-6714
Email: batkhand.zoljargal@forthepeople.com

Attorney for Plaintiff,
NATESHA CRIST

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/11/2026 12:56:08 PM
Clerk of the Superior Court
By M. Clemens ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

NATESHA CRIST, an individual,

Plaintiff,

v.

WALMART, INC.; and DOES 1-50, inclusive,

DEFENDANTS.

Case No.: 26CU032891N

**COMPLAINT FOR DAMAGES FOR:**

**1. GENERAL NEGLIGENCE**

**2. PREMISES LIABILITY**

**PLAINTIFF REQUESTS TRIAL BY JURY**

**COMES NOW,** Plaintiff, NATESHA CRIST (hereinafter "PLAINTIFF"), in this Complaint for cause of action against Defendant, WALMART, INC., an incorporated entity doing business in the State of California, County of San Diego, and DOES 1-50, inclusive, and each of them (collectively hereinafter "DEFENDANTS"), and complains and alleges as follows:

## THE PARTIES

1. PLAINTIFF is informed and believes and therefore alleges that Defendant, WALMART, INC., is an incorporated entity doing business in the State of California, County of San Diego. PLAINTIFF is informed and believes and therefore alleges that Defendant, WALMART, INC., owns, designs, possesses, manages, inspects, repairs, and/or controls the

premises located at 1800 University Drive, in the City of Vista, in the County of San Diego, in the State of California ("SUBJECT PREMISES").

2. PLAINTIFF, NATESHA CRIST, at the time of incident resided in, and at all times herein mentioned resided in the State of California. At the time of incident, and at all times relevant in this complaint, PLAINTIFF was lawfully present at the SUBJECT PREMISES. On February 13, 2026, during regular business hours, while PLAINTIFF was squatting near a shelf with her back facing the aisle and attempting to retrieve merchandise, a Walmart employee, agent, representative, and/or other person acting on behalf of DEFENDANTS pushed, operated, and/or controlled a four-wheel stock cart. 4. PLAINTIFF is informed and believes and thereon alleges that the stock cart was loaded with merchandise and/or materials so high that it limited, blocked, and/or obstructed the employee's vision and ability to safely observe customers, including PLAINTIFF. As a result, the stock cart struck PLAINTIFF causing PLAINTIFF to fall and sustain injuries. At the time of the incident, the SUBJECT PREMISES, including the aisles, shelves, merchandise, stock carts, employees, agents, and surrounding area, were owned, possessed, operated, maintained, managed, inspected, supervised, controlled, and/or otherwise under the responsibility of Defendant WALMART, INC. and/or DOES 1-50, inclusive.

3. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of DOES 1-50, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said DEFENDANTS by such fictitious names, and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF will amend this Complaint accordingly. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or created or contributed to the creation or maintenance of a dangerous condition of private property as described herein and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the dangerous condition of property described herein or otherwise, proximately caused the injuries and damages sustained by PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their ownership,

rental, use, sale, repair, maintenance, designing, manufacturing, or leasing of the instrumentality or property causing the injury, or in some other manner.

4. PLAINTIFF is informed and believes and thereon alleges that, at all relevant times, each Defendant, including DOES 1-50, inclusive, was the agent, servant, joint-venturer, and/or employee of each of the remaining DEFENDANTS, and, in doing the things alleged, was acting within the scope of that agency or employment or servility. Furthermore, each Defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every act or omission of its co-defendants as described below.

5. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to her action, DEFENDANTS and each of them, owned, operated, managed, constructed, designed, built, possessed, maintained, repaired, inspected, altered, and/or were otherwise responsible for maintaining the SUBJECT PREMISES in a safe and operable condition, free from hazardous conditions that may be present.

## GENERAL ALLEGATIONS

6. All acts complained of herein took place within the jurisdiction of the above-captioned court.

7. PLAINTIFF at the time of incident resided in, and at all times herein mentioned, resided in the State of California.

8. At all times herein mentioned, DEFENDANTS were doing business in the State of California.

9. On or about February 13, 2026, PLAINTIFF was lawfully present as a customer/business invitee at the Walmart store located at 1800 University Drive, Vista, California 92083 (hereinafter "SUBJECT PREMISES"). At that time and place, PLAINTIFF was squatting near a shelf with her back facing the aisle and attempting to retrieve merchandise.

10. PLAINTIFF is informed and believes, and based thereon alleges, a Walmart employee, agent, representative, and/or other person acting on behalf of DEFENDANTS pushed, operated, and/or controlled a four-wheel cart.

11. PLAINTIFF is informed and believes, and based thereon alleges that the stock

cart was loaded with merchandise and/or materials so high that it limited, blocked, and/or obstructed the employee's vision and ability to safely observe customers, including PLAINTIFF, creating a dangerous condition (hereinafter "DANGEROUS CONDITION") at the SUBJECT PREMISES.

12. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS knew, or in the exercise of reasonable care should have known, that the four-wheel stock cart loaded with merchandise and/or materials so high that it limited, blocked, and/or obstructed the employee's vision and ability to safely observe customers in the aisle created an unsafe, hazardous, and dangerous condition for customers, including PLAINTIFF.

13. At all relevant times, DEFENDANTS owed PLAINTIFF and members of the public a duty to use reasonable care in the ownership, operation, maintenance, inspection, supervision, control, and management of the SUBJECT PREMISES, including, but not limited to, the aisles, merchandise areas, stocking operations, employee carts, equipment, and pedestrian pathways, so as to prevent unsafe, hazardous, and dangerous conditions to customers lawfully present on the premises.

14. As a direct and proximate result of DEFENDANTS' acts and omissions, PLAINTIFF suffered injuries and damages, including, but not limited to, low back injuries, back pain, dizziness, medical expenses, pain and suffering, loss of enjoyment of life, and other general and special damages, all in an amount according to proof.

15. PLAINTIFF is informed, believes, and thereon alleges, at all times relevant and mentioned herein, the responsibility for maintaining a safe environment, including protection against creation of the DANGEROUS CONDITION on the SUBJECT PREMISES rested with the DEFENDANTS and within the course and scope of the employment of their employed agents/actors.

16. As a result, PLAINTIFF suffered severe, traumatic, debilitating, and permanent injuries that necessitated significant medical care and resulted in loss of earnings and earning capacity.

**FIRST CAUSE OF ACTION - GENERAL NEGLIGENCE**

(By PLAINTIFF against DEFENDANTS WALMART, INC. and DOES 1-50, inclusive)

17. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

18. PLAINTIFF is informed, believes, and based thereon alleges that, at all times mentioned in this complaint, DEFENDANTS occupied, possessed, constructed, designed, managed, inspected, maintained, repaired, supervised, operated, and/or controlled the SUBJECT PREMISES, including the store aisles, merchandise areas, shelving, stocking operations, four-wheel stock carts, employee equipment, and pedestrian pathways within the SUBJECT PREMISES.

19. PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS, at all times relevant in this complaint, owed PLAINTIFF a duty of care to maintain the SUBJECT PREMISES in a reasonably safe condition, including the aisles, merchandise areas, shelving, stocking operations, employee carts, equipment, and pedestrian pathways that DEFENDANTS owned, possessed, managed, maintained, inspected, repaired, supervised, operated, and/or controlled. Said duty included, but was not limited to, identifying, addressing, preventing, and/or remedying hazardous conditions on the SUBJECT PREMISES, including the loaded stock carts, four-wheel carts, stacked totes, merchandise, and/or materials, that created an unreasonable risk of collision with customers lawfully present on the SUBJECT PREMISES, including PLAINTIFF.

20. Furthermore, DEFENDANTS' duty owed to PLAINTIFF included, but was not limited to, ensuring that employees, agents, representatives, and/or other persons acting on behalf of DEFENDANTS safely operated four-wheel stock carts, employee carts, stocking equipment, stacked totes, merchandise, and/or materials through customer aisles and merchandise areas so as not to create an unreasonable risk of collision, impact, or injury to customers lawfully present on the SUBJECT PREMISES, including PLAINTIFF.

21. PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS, at all times relevant in this complaint, breached their duty of care by negligently and carelessly creating, allowing, permitting, failing to prevent, and/or failing to

remedy hazardous conditions at the SUBJECT PREMISES, including the unsafe operation of a loaded four-wheel stock cart with stacked totes, merchandise, and/or materials that limited, blocked, and/or obstructed the operator's vision. Said hazardous conditions created an unreasonable risk of collision with customers lawfully present in the aisles and merchandise areas of the SUBJECT PREMISES, including PLAINTIFF. As a direct and proximate result of said breach and hazardous condition, PLAINTIFF was struck, bumped, contacted, and/or otherwise caused to fall and sustain injuries and damages.

22. Further, at the time of incident, at all times herein mentioned, the SUBJECT PREMISES had a DANGEROUS CONDITION, as it posed a serious risk of injury to foreseeable users, including PLAINTIFF. PLAINTIFF is informed and believes, and based upon such information and belief, alleges that DEFENDANTS knew or in the exercise of reasonable care should have known of the dangerous nature of the SUBJECT PREMISES and failed to warn foreseeable users of the dangerous nature of the SUBJECT PREMISES.

23. Further, PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS breached their duty to adequately warn PLAINTIFF and other foreseeable users of the SUBJECT PREMISES by negligently and carelessly failing to notify, caution, and/or protect foreseeable users, including PLAINTIFF, from the DANGEROUS CONDITION on the SUBJECT PREMISES. Said DANGEROUS CONDITION included, but was not limited to, the unsafe operation of a loaded four-wheel stock cart with stacked totes, merchandise, and/or materials that limited, blocked, and/or obstructed the operator's vision while being pushed through customer aisles and merchandise areas. As a direct and proximate result of DEFENDANTS' failure to warn and/or protect PLAINTIFF from said DANGEROUS CONDITION, PLAINTIFF was struck, bumped, contacted, and/or otherwise caused to fall, thereby sustaining severe injuries and damages.

24. As a direct, proximate, and legal result of the negligence of DEFENDANTS, PLAINTIFF sustained serious injuries, has suffered and will suffer great physical pain and mental anguish, and is damaged thereby according to proof.

25. As a legal, direct, and proximate result of the aforementioned conduct of

DEFENDANTS, PLAINTIFF was injured and hurt in her health, strength and/or activity, sustaining serious injuries to her body and/or shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause PLAINTIFF great physical and/or mental pain and suffering. PLAINTIFF is further informed, believes, and thereon alleges that said injuries will result in some permanent disability to her person with all to her general damage in an amount which will be stated according to proof.

26. As a legal, direct, and proximate result of the aforementioned conduct of DEFENDANTS, PLAINTIFF was prevented from attending her usual occupation and/or is informed and believes, and thereon alleges that she will be prevented from ever attending her occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present, and future, according to proof.

27. As a legal, direct, and proximate result of the conduct of DEFENDANTS, PLAINTIFF was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and PLAINTIFF is informed and believes, and thereon alleges that, by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof.

**SECOND CAUSE OF ACTION - PREMISES LIABILITY**

(By PLAINTIFF against DEFENDANTS WALMART, INC. and DOES 1-50, inclusive)

28. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, inclusive of the General Assertions and Cause of Actions above.

29. On the above date, PLAINTIFF was lawfully on the SUBJECT PREMISES and was using the SUBJECT PREMISES in a reasonably foreseeable manner.

30. PLAINTIFF is informed, believes, and thereon alleges that all times mentioned in this complaint, DEFENDANTS occupied, possessed, constructed, designed, managed, controlled, maintained, repaired, created, inspected, and/or controlled the SUBJECT PREMISES.

31. PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS, at all times relevant in this complaint, owed PLAINTIFF and other foreseeable users of the SUBJECT PREMISES a duty of care to maintain a reasonably safe environment on the SUBJECT PREMISES, including preventing, identifying, addressing, and/or remedying hazardous conditions on the SUBJECT PREMISES. Said duty included, but was not limited to, ensuring that employees, agents, representatives, and/or other persons acting on behalf of DEFENDANTS safely operated four-wheel stock carts, employee carts, stocking equipment, stacked totes, merchandise, and/or materials through customer aisles and merchandise areas so as not to create an unreasonable risk of collision, impact, or injury to customers lawfully present on the SUBJECT PREMISES, including PLAINTIFF.

32. PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS, at all times relevant herein, breached their duty of care by negligently and carelessly failing to prevent, address, remedy, and/or warn of hazardous conditions on the SUBJECT PREMISES, including the DANGEROUS CONDITION that directly and proximately caused PLAINTIFF to be struck, bumped, contacted, and/or otherwise caused to fall by a loaded four-wheel stock cart being pushed through the customer aisles and merchandise areas.

33. Further, at the time of incident, at all times herein mentioned, the SUBJECT PREMISES was in a DANGEROUS CONDITION as it posed a serious risk of injury to foreseeable users, including PLAINTIFF. PLAINTIFF is informed and believes, and based upon such information and belief, alleges that DEFENDANTS knew or in the exercise of reasonable care should have known of the dangerous nature of the SUBJECT PREMISES and failed to warn foreseeable users of the dangerous nature of the premises.

34. Further, PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS breached their duty to adequately warn PLAINTIFF and other foreseeable users of the SUBJECT PREMISES by negligently and carelessly failing to notify, caution, and/or protect foreseeable users, including PLAINTIFF, from the DANGEROUS CONDITION on the SUBJECT PREMISES. Said DANGEROUS CONDITION included, but was not limited to, the

unsafe pushing, operation, and/or control of a loaded four-wheel stock cart with stacked totes, merchandise, and/or materials that limited, blocked, and/or obstructed the operator's vision while being moved through customer aisles and merchandise areas. As a direct and proximate result of DEFENDANTS' failure to warn, notify, caution, and/or protect PLAINTIFF from said DANGEROUS CONDITION, PLAINTIFF was struck, bumped, contacted, and/or otherwise caused to fall, thereby sustaining severe injuries and damages.

35. As a direct, proximate, and legal result of the negligence of DEFENDANTS, PLAINTIFF sustained serious injuries, has suffered and will suffer great physical pain and mental anguish, and is damaged thereby according to proof.

36. As a legal, direct, and proximate result of the aforementioned conduct of DEFENDANTS, PLAINTIFF was injured and hurt in her health, strength and/or activity, sustaining serious injuries to her body and/or shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause PLAINTIFF great physical and/or mental pain and suffering. PLAINTIFF is further informed, believes, and thereon alleges that said injuries will result in some permanent disability to her all to her general damage in an amount which will be stated according to proof.

37. As a legal, direct, and proximate result of the aforementioned conduct of DEFENDANTS, PLAINTIFF was prevented from attending her usual occupation and/or is informed and believes, and thereon alleges that she will be prevented from ever attending her occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present, and future, according to proof.

38. As a legal, direct, and proximate result of the conduct of DEFENDANTS, PLAINTIFF was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and PLAINTIFF is informed and believes, and thereon alleges that, by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future the exact amount of which expenses will be stated according to proof.

**PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFF hereby prays for judgment against DEFENDANTS and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;
2. For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;
3. For loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present, and future, according to proof;
4. For prejudgment interest, according to proof;
5. For cost of suit incurred herein, including attorney's fees, according to proof;
6. For damages for PLAINTIFF's other losses, according to proof; and
7. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF NATESHA CRIST hereby demands a trial by jury as to all issues and causes of action.

Dated: June 11, 2026

**MORGAN & MORGAN, CALIFORNIA, LLP.**

By: ______________________

Batkhand Zoljargal,
Attorney for Plaintiff,
NATESHA CRIST

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 262918<br>NAME: Batkhand Zoljargal, Esq.<br>FIRM NAME: MORGAN & MORGAN CALIFORNIA LLP<br>STREET ADDRESS: 12300 Wilshire Blvd, Ste 200<br>CITY: Los Angeles STATE: CA ZIP CODE: 90025<br>TELEPHONE NO.: (213) 204-6714 FAX NO.: (213) 757-6107<br>EMAIL ADDRESS: batkhand.zoljargal@forthepeople.com<br>ATTORNEY FOR (name): Plaintiff NATESHA CRIST | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>6/11/2026 12:56:08 PM<br><br>Clerk of the Superior Court<br>By M. Clemens ,Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose Drive<br>MAILING ADDRESS: same as above<br>CITY AND ZIP CODE: Vista and 92081<br>BRANCH NAME: North County Regional Center | |
| CASE NAME:<br>NATESHA CRIST, an individual, v. WALMART, INC.; and DOES 1-50, inclusive | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26CU032891N |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [ ] Yes [X] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. [X] monetary
b. [ ] nonmonetary; declaratory or injunctive relief
c. [ ] punitive

4. Number of causes of action *(specify)*: Two: Negligence and Premises Liability

5. Is this case a class action suit? [ ] Yes [X] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/11/2026

Batkhand Zoljargal, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Dr.
MAILING ADDRESS: 325 South Melrose Dr.
CITY AND ZIP CODE: Vista, 92081
BRANCH NAME: North
TELEPHONE NUMBER: 760-201-8028

PLAINTIFF(S) / PETITIONER(S): Natesha Crist

DEFENDANT(S) / RESPONDENT(S): Walmart, Inc.

CRIST VS WALMART, INC

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 26CU032891N |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: DANIEL SEGURA Department: N-28

**COMPLAINT/PETITION FILED:** 06/11/2026

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 01/08/2027 | 1:30 PM | N-28 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:**. The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 26CU032891N

CASE TITLE: Crist vs Walmart, Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 South Melrose Dr.<br>MAILING ADDRESS: 325 South Melrose Dr.<br>CITY AND ZIP CODE: Vista, 92081<br>BRANCH NAME: North | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF(S): Natesha Crist | |
| DEFENDANT(S): Walmart, Inc. | |
| SHORT TITLE: CRIST VS WALMART, INC | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>26CU032891N |

Judge: DANIEL SEGURA Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

Mediation (court-connected)

Mediation (private)

Voluntary settlement conference (private)

Neutral evaluation (private)

Non-binding private arbitration

Binding private arbitration

Non-binding judicial arbitration (discovery until 15 days before trial)

Non-binding judicial arbitration (discovery until 30 days before trial)

Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________ Date: ______________________

Name of Plaintiff Name of Defendant

Signature Signature

Name of Plaintiff's Attorney Name of Defendant's Attorney

Signature Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/17/2026 JUDGE OF THE SUPERIOR COURT